

Helen F. Dalton & Associates, PC
Roman Avshalumov (RA 5508)
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

MARIA FLORES, on her
own behalf and on the behalf of others similarly situated

                        Plaintiff,                                    COMPLAINT

        -against-                                                     JURY TRIAL
                                                                      DEMANDED


EMPIRE CLEANERS INC. and
DAE HOON HA, an individual,

                        Defendants.
_____X


1. Plaintiffs, MARIA FLORES (hereinafter referred to as "Plaintiff"), by her
attorneys at Helen F. Dalton & Associates, PC, allege, upon personal
knowledge as to herself and upon information and belief as to other matters,
as follows:

**PRELIMINARY STATEMENT**

2. Plaintiff, MARIA FLORES through undersigned counsel, brings this action
against EMPIRE CLEANERS INC. and DAE HOON HA an individual
(collectively, "Defendants"), to recover damages for egregious violations of
federal and state minimum wage and overtime laws arising out of Plaintiff's
employment at the EMPIRE CLEANERS INC., located at 425 2nd Avenue,
New York, New York, 10010.

3. Plaintiff MARIA FLORES was employed by Defendants at EMPIRE
CLEANERS INC., from approximately September 18th, 2006 until her
employment was terminated on September 20th, 2007. Although Plaintiff

1

MARIA FLORES worked approximately sixty-six (66) hours or more per week during the period of September of 2006 through September of 2007, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

4. Plaintiff MARIA FLORES was employed by Defendants at EMPIRE CLEANERS INC., INC from approximately September of 2006 until her employment was terminated on September 20th, 2007, Defendants failed to pay minimum wage in accordance with NY Labor Law and Fair Labor Standards Act.

5 Although Plaintiff MARIA FLORES worked approximately sixty-six (66) hours or more per week during the period of September of 2006 through September of 2007, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law

6. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000. Plaintiff also seeks interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

8 This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

9. Venue is proper in the Southern District of New York pursuant to 28 U.S.C §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

10. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

11. Plaintiff, MARIA FLORES, resides at 33-41 103 Street, Corona, New York, 11368, in Queens County, New York and was employed by Defendants at EMPIRE CLEANERS INC. in New York county, New York from on or about September 18th, 2006 until September 20th, 2007.

12. Upon information and belief, Defendants, EMPIRE CLEANERS INC. is a corporation organized under the laws of New York with a principal executive office at 425 2nd Avenue, New York, New York 10010.

13. Upon information and belief, Defendants, EMPIRE CLEANERS INC. is a corporation authorized to do business under the laws of New York.

14. Upon information and belief, Defendant DAE HOON HA, owns and/or operates EMPIRE CLEANERS INC. that does business under the name "EMPIRE CLEANERS INC." at 425 2nd Avenue, New York, New York 10010.

15. Upon information and belief, Defendant Defendants DAE HOON HA, is the Chairman of the Board of EMPIRE CLEANERS INC.

16. Upon information and belief, Defendant DAE HOON HA, is the Chief Executive Officer of EMPIRE CLEANERS INC.

17. Upon information and belief, Defendant DAE HOON HA, is an agent of EMPIRE CLEANERS INC.

18. Upon information and belief, Defendant DAE HOON HA, has power over personnel decisions.

19. Upon information and belief, Defendant DAE HOON HA, has power over payroll decisions.

20. Defendant DAE HOON HA has the power to hire and fire employees at the EMPIRE CLEANERS INC. establish and pay their wages, set their work schedule, and maintains their employment records.

21. During relevant times, Defendant DAE HOON HA was Plaintiff's employer within the meaning of the FLSA and New York Labor Law.

3

22. On information and belief, EMPIRE CLEANERS INC. is at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.

## STATEMENT OF FACTS

23. Plaintiff, Maria Flores, was employed by Defendants at the EMPIRE CLEANERS INC. in New York county, New York, between approximately September 18th, 2006 through September of 2007.

24. During her employment by Defendants at EMPIRE CLEANERS INC. Plaintiff's primary duties were to deliver clothes, to pickup clothes, to pack clothes and to perform other miscellaneous duties as directed by supervisors and managers.

25. Defendants usually created work schedule, requiring Plaintiff Maria Flores to work well more than forty (40) hours per week.

26. Plaintiff, Maria Flores, was employed by Defendants to work at EMPIRE CLEANERS INC. located at 425 2nd Avenue, New York, New York, 10010, Although Plaintiff worked approximately sixty-six (66) hours or more per week during the period of September of 2000 through September of 2007, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

27. In fact, the schedule created by Defendants required Plaintiff to work approximately sixty-six (66) hours or more per week

28. Despite the long hours that Plaintiff Maria Flores worked for Defendants, Defendants did not pay Plaintiff the required minimum wage from September 18th, 2006 to September 20th, 2007.

29. At all relevant times, both Federal and New York State law have required Defendants to pay Plaintiff overtime wages at a wage rate of one and a half

(1.5) times her regular rate for hours worked in excess of forty (40) hours per week.

30. During many or all weeks in which Plaintiff Maria Flores was employed by Defendants, Plaintiff worked in excess of forty (40) hours per week.

31. Defendants did not pay Plaintiff Maria Flores for her services and labor at a rate that is one and a half (1.5) times the minimum wage, the minimum regular rate of pay to which Plaintiff is entitled for all hours worked over forty (40) in a workweek.

32. At all relevant times, the FLSA, 29 U. S. C. §206 has required Defendants to pay Plaintiff a minimum wage of $5.15 per hour.

33. At all times, the New York Minimum Wage Act, New York Labor Law §652 had required Defendants to pay Plaintiff minimum wages of between $6.00, $6.75, and $7.15 an hour.

34. Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place in the company as required by both NYLL and the FLSA

35. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

36. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at a minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act.

37. Defendants willfully violated Plaintiff's rights and fraudulently violated the requirements of the FLSA and NYLL by paying Plaintiff every few days, so as to avoid paying the required overtime rate for hours worked over forty (40) in a single workweek.

## FIRST CAUSE OF ACTION

### Minimum Wages Under The Fair Labor Standards Act

38. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

39. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

40. At all times relevant to this action, Plaintiff was engaged in commerce or the production of services and goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

41. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

42. Defendants willfully failed to pay Plaintiff(s) minimum wage in accordance with 29 U.S.C. §§201, 202 and 203.

43. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional. Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

44. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

45. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

46. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

47. At all times relevant to this action, Defendants were employers within the meaning of New York Labor Law.

48. Defendants failed to record, credit or compensate Plaintiff the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically New York Labor Law §652.

49. Defendants also failed to pay Plaintiff the required minimum wage, the minimum wage rate to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

50. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid minimum wages and an amount equal to one-quarter of her unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198 (1-a).

## THIRD CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

51. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

52. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216 (b).

53. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

54. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206 (a) and 207(a).

55. Defendants willfully failed to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the minimum wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

56. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to their compensation of Plaintiffs.

57. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, her unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216 (b).

## FOURTH CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

58. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

59. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

60. Defendants failed to pay Plaintiff overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the minimum wage, the minimum wage rate to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

61. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid overtime wages and an amount equal to one-quarter of her unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198 (1-a).

## FIFTH CAUSE OF ACTION

### Spread of Hours Compensation Under New York Labor Law

62. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

63. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y.C.R.R. § 142-2.4

64. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants their unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 663 (1)

## PRAYER FOR RELIEF

**Wherefore**, Plaintiff respectfully requests that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs rights under the FLSA, New York Minimum Wage Act, and the New York Labor Law and its regulations;

b. Awarding Plaintiff unpaid minimum wages, overtime wages and spread of hours;

c. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

d. Awarding Plaintiff prejudgment and post-judgment interest;

e. Awarding Plaintiff the costs of this action together with reasonable attorney's fees; and

f. Awarding such and further relief as this court deems necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: Ther 14th day of February 2008.

Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, PC
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591
Fax: 718-263-9598

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

MARIA FLORES, on her
own behalf and on the behalf of others similarly situated.

Plaintiff,

-against-


EMPIRE CLEANERS INC. and
DAE HOON HA, an individual,

Defendants.
_____


SUMMONS & COMPLAINT
_____



HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiff
69-12 Austin Street
Forest Hills, NY 11375
Phone (718) 263-9591
Fax (718) 263-9598

_____


TO:    EMPIRE CLEANERS INC.
       425 2nd Avenue,
       New York, 10010

       DAE HOON HA, an individual,
       425 2nd Avenue,
       New York, 10010